In a summary proceeding instituted pursuant to sections 330 and 333 of the Election Law for an order directing the preservation and examination of absentee ballots and a recanvass of votes, order denying petition affirmed, with $10 costs and disbursements. Motion for leave to appeal to the Court of Appeals and for a stay denied. Petitioner invokes the power of the court with particular reference to subdivisions 4 and 5 of section 330. There are two phases. One concerns absentee ballots, etc., and relates to the power of the court under subdivision 4. Upon a proper showing and if there had been no prior opportunity to examine these ballots or no prior canvass, the court would have jurisdiction to grant this relief in this summary proceeding, if it were shown that the results would be affected. There is no such showing by petitioner sufficient to warrant another canvass of the absentee ballots. It is undisputed that a recanvass of all votes, including the absentee ballots, was had on November 14, 1950, in the presence of representatives of petitioner and of a Congressional committee. On the second phase, petitioner questions the lawfulness of the registration of 206 persons and asserts that 135 others voted in Nassau County within four months of their residence therein and that, as to certain polling places, excessive votes were cast, twenty-eight votes in all. Subdivision 5 limits judicial power in this form of proceeding, relating to a general election, to the correction of errors in the canvass of the votes. There is no inherent jurisdiction to make a judicial review broader than that provided by the statute. (Abrahams on New York Election Law, pp. 263, 273, 280, 281, and eases cited.) The foregoing subject matter is not concerned with the correctness of the canvass on its face and so is not within the purview of the statute. It relates to qualifications of voters and requires going behind the record, which may not be done in a summary proceeding. {Matter of Mullen V. Heffernan, 193 Mise. 334, affd. 274 App. Div. 972, affd. 298 N. Y. 785; Matter of *1132 Hogan v. Supreme Court, 281 N. V. 572; Matter of Carson, 164 Mise. 945, affd. 254 App. Div. 801.) The statutes provide for challenges to be made when a voter attempts to vote illegally and for criminal prosecution for illegal voting. It is not claimed that anyone voted whose right to do so was challenged or made the subject of a protest. Hence the petition was properly denied. Carswell, Acting P. J., Johnston, Adel, Wenzel and MaeCrate, JJ., concur.